DECISION
{¶ 1} Plaintiff-appellant, Stephennie E. Kinney, appeals from a judgment entry and decree of divorce entered by the Franklin County Court of Common Pleas, Division of Domestic Relations, granting appellant a divorce from defendant-appellee, Jason W. Kinney.
 {¶ 2} The trial court's decision and judgment was rendered after a hearing commencing on September 7, 2004 and completed on September 13, 2004. The trial court's decision states that the parties were married on July 19, 1999, and that one child was born of the marriage, Tara Rachel Kinney, born December 12, 2000. The parties agreed upon all matters except for custody and child support, and the trial court otherwise incorporated the parties' divorce settlement agreement on other issues. With respect to custody of Tara, the trial court noted that the parties had not agreed to shared parenting. Based on a variety of personal and family factors, the trial court granted custody to appellee and ordered appellant to pay child support in the amount of $327.98 per month pursuant to a child support worksheet and guidelines under R.C. 3119.022 and3119.03. The court designated appellee as the residential parent and legal custodian of Tara, and granted unsupervised visitation to appellant under Loc.R. 27 of the Franklin County Court of Common Pleas, Division of Domestic Relations.
 {¶ 3} Appellant has timely appealed and brings the following assignments of error:
I. The court erred in granting custody to the defendant, knowing that the defendant has a DUI and Assault on his background check, along with being delinquent with child support payments.
II. The court erred in using inaccurate statements, provided by the domestic investigation report, in the final judge's order. The domestic investigator was subpoenaed to provide documentation. Discrepencies [sic] are found between the final order and the investigation report.
III. The court erred when considering all the factors regarding the child's best interest. Judgement was unreasonable. Plaintiff's statements of fact were not entered in the judges final order regarding the child's negative behavior.
IV. The court erred in unfair prejudice against the Plaintiff for lack of family in the area.
V. The court erred in ordering the Plaintiff to pay child support in the amount of $327.98 a month. This amount was calculated using an innacurate [sic] gross yearly income for the Plaintiff.
 {¶ 4} Appellant's first four assignments of error essentially assert that the trial court's determination as to custody is against the manifest weight of the evidence placed before the trial court regarding the respective fitness of the parties to serve as residential parents for Tara. Appellant's fifth assignment of error similarly contests the determination of the amount of child support payable based upon the relative incomes and other factors presented by the parties.
 {¶ 5} As is the case in the overwhelming number of custody disputes, there appears to have been markedly conflicting evidence on the various issues affecting custody. However, appellant in this case has not provided a transcript of the final hearing before the trial court. An appellant bears the burden of ensuring that a reviewing court has all the materials necessary to enable it to review the trial court's determination; in this case this would require, in addition to the documentary evidence in the record, a review of the testimony presented at the hearing. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. We are therefore unable to find error as alleged by appellant upon the record before us with respect to the trial court's grant of custody to appellee, and appellant's first four assignments of error are overruled.
 {¶ 6} Turning to appellant's fifth assignment of error, the same difficulty presents itself in finding error on the part of the trial court in computing child support obligations. Some documentary evidence does exist in the limited record before us to support appellant's contention that her income was overstated in the child support worksheet, which reflects a yearly income of $32,240 rather than appellant's claimed income of $22,320. A domestic investigation report ordered by the magistrate in the case corroborates the lower figure. Of itself, however, this is not sufficient to find that the trial court's determination of income to be used in the child support computations is against the manifest weight of the evidence. We are unable to ascertain what other evidence might have been presented at the hearing to establish the parties' respective incomes; we further note that the child support worksheet also diverges significantly from the documentary evidence with respect to appellee's annual income as well. In the absence of a transcript, we are simply unable to venture into any speculative determination as to the correct amounts to be used in the child support worksheets for either parent's income, and errors in this respect, if any, must be resolved in post-judgment proceedings before the trial court. Appellant's fifth assignment of error is accordingly overruled.
 {¶ 7} In accordance with the foregoing, appellant's five assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.
Judgment affirmed.
Sadler and McGrath, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.